77,577-02

NO. WR-77,577-02

| | | |
|---|---|---|
| HAMIS CHANDE, *Applicant* | § § § | IN THE COURT OF CRIMINAL APPEALS |
| v. | § § | OF TEXAS |
| THE STATE OF TEXAS | § | |

## PRO SE MOTION REQUESTING LEAVE TO FILE AN ORIGINAL COPY ONLY OF THE MOTION FOR RECONSIDERATION OF THE DENIAL TO GRANT RELIEF IN APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now Applicant in the above-styled and numbered cause and respectfully moves this Honorable Court to grant leave to file an original copy only of the Motion for Reconsideration and in support thereof would show to the Court the following:

1. Applicant moves that, pursuant to Rule 2, Texas Rules of Appellate Procedure, this Court suspend Rule 9.3 (b), Texas Rules of Appellate Procedure, that requires the filing of eleven (11) copies of the Motion for Reconsideration with the Court.

2. The facts relied upon to show good cause for this request are, as follows: The Applicant is indigent and incarcerated and does not have access to a photo copier. Applicant is presently not represented by counsel

MOTION DISMISSED
DATE: 2/4/15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 29 2015

Abel Acosta, Clerk

and he is proceeding *pro se* in this case.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that this Honorable Court grant leave to file an original copy only of the Motion for Reconsideration with the Court.

Respectfully Submitted,

Hamis Chande
ID: 1828317
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

*Applicant Pro Se*

PROOF OF SERVICE

Applicant hereby certifies that a true and correct copy of the foregoing Motion has been mailed to the Office of the Criminal District Attorney for McLennan County, 219 N. 6th Street, Suite 200, Waco, Texas 76701, by placing same in a prison mailing system on January 22, 2015.

Hamis Chande

2

NO. WR-77,577-02

HAMIS CHANDE, &
Applicant & IN THE COURT OF
& CRIMINAL APPEALS
v. & OF TEXAS
THE STATE OF TEXAS &
&

## PRO SE CERTIFICATION OF THE MOTION FOR RECONSIDERATION

I hereby certify that my motion for reconsideration of the denial to grant relief in his application for writ of habeas corpus is so grounded and that the motion is made by him in good faith and not for delay.

Respectfully Submitted,

Executed on: 01/22/2015

_____
Hamis Chande

CC: Abel Reyna

# IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

### WR-77,577-02

HAMIS CHANDE,
Applicant

> Seeking Habeas Corpus Relief
> Under Article 11.07

v.

THE STATE OF TEXAS

> On Collateral Review from 19th District Court
> Of McLennan County, Texas
> Cause No. 2012-338-C1C

# APPLICANT'S MOTION FOR RECONSIDERATION OF THE DENIAL TO GRANT RELIEF IN APPLICATION FOR WRIT OF HABEAS CORPUS

Counsel of Record for Applicant:

HAMIS CHANDE
ID: 1828317
DALHART UNIT
11950 FM 998
DALHART, TEXAS 79022-7624
(806) 249-8655

Applicant Pro Se

TO THE HONORABLE JUDGES OF SAID COURT:

Now comes Applicant in the above entitled and numbered cause, appearing pro se, and respectfully moves the Court to reconsider grounds one and two of his initial habeas application on the Court's own initiative, pursuant to TEX. R. APP. P. 79.2(d), and in support would show the Court the following:

## I.

On January 14, 2015, the Texas Court of Criminal Appeals denied Applicant's application for writ of habeas corpus under Article 11.07 without a written order. On January 21, 2015, Applicant received a card of that Court's denial of his habeas application. Then this motion followed.

## II.

## APPLICANT IS CONSTITUTIONALLY GUARANTEED THE RIGHT OF FAIRNESS AND EQUITY

### A. Equal Justice requires reconsideration of the case

The Texas Court of Criminal Appeals has noted that a "miscarriage of justice" is defined as "decision or outcome of legal proceeding that is prejudicial or inconsistent with substantial rights of party." See State v. Herndon, 215 S.W. 3d 901, 907 n. 17 (Tex. Crim. App. 2007). Thus, that Court has construed the Texas Rules of Appellate Procedure, Rule 79.2(d) to require that "[t]he Court may on its own initiative reconsider the case." Ex parte Moreno, 245 S.W. 3d 419, 427 (Tex. Crim. App. 2008). This is such a case. The United States Supreme Court has held that a state court criminal defendant has a federal constitutional right not to be arbitrarily denied the full range of statutory discretion

1

that exists under state law. *See Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S. Ct. 2227, 2229, 65 L.Ed. 2d 175 (1980); *accord Anderson v. Jones,* 743 F. 2d 306, 308 (5th Cir. 1984). This would include the Rules of Appellate Procedure's right to ~~be~~ reconsider the case by the Court on its own initiative, especially when the Applicant suggests for.

## B. Applicant relies on seven points of error

In accordance with Rule 79.2(d) of the Texas Rules of Appellate Procedure, Applicant suggests that this Court reconsider grounds one and two of his initial habeas application as well as the dismissal of his direct appeal by the Tenth Court of Appeals. He specifically requests this Court to reconsider seven points of errors of his initial habeas application with regarding to: (1) Denial of constitutional right to self-representation; (2) Unconstitutional jury instruction; (3) No evidence to support conviction as a principal actor; (4) Ineffective assistance of pre-trial counsel; (5) Ineffective assistance of trial counsel; (6) Ineffective assistance of appellate counsel; and (7) the improper dismissal of direct appeal. Applicant therefore argues that the "cumulative effect" of all of the errors *supra* denied him due process under the federal constitution and due course of law under the Texas constitution. *See Chamberlain v. State,* 998 S.W. 2d 230, 238 (Tex.Crim.App. 1999)(a number of errors may be found harmful in their cumulative effect).

## III.
## THE TEXAS COURT OF CRIMINAL APPEALS PRECEDENT REQUIRES WRITTEN ORDER ON DENIAL OF RELIEF

Due to the serious nature of the constitutional violation in this case, Applicant asserts that this Court's denial of his initial habeas application *without a written*

2

order explaining reason for denial is in conflicts with the Court's holding in *Sims* that "as a general proposition, reviewing courts ought to mention a party's... argument and explain why it does not have the persuasive force that the party thinks it does." *Sims v. State*, 99 S.W. 3d 600, 603 (Tex. Crim. App. 2003). Thus, Applicant requests that this Court to mention his argument and explain upon reconsideration of this case so that at least he will know the reason he was unsuccessful on his initial habeas application, instead of "be left to guess or assume the reason" and thereby maintain "the integrity of the system and improves appellate practice." See *id.* (emphasis added).

## IV.

If this Honorable Court does not reconsider the seven points of errors of his initial habeas application as requested, then Applicant will suffer egregious harm and will not be given a fair state habeas corpus review. To not allow reconsideration of his initial habeas application would deny Applicant his right to a proper administration of laws, his right to a fairness and equity, his right to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution, Article 1, §§ 13 and 19 of the Texas Constitution.

WHEREFORE PREMISES CONSIDERED, Applicant prays that this Honorable Court:

1. Find that a threshold showing has been made that there is a compelling reason to believe that the Court may not have been correct on original submission;

2. Grant reconsideration of his original habeas application; and

3

3. That Applicant have such other and further relief as he may show himself to be justly entitled..

Respectfully Submitted,

_Hamis Chande_

Hamis Chande
ID: 1828317
Dalhart Unit
11450 FM 998
Dalhart, Texas 79022-7624

(806) 249-8655

Applicant Pro Se

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion was mailed to McLennan County District Attorney's Office, Waco, Texas, by placing in a prison mailing system on January 22, 2015.

_Hamis Chande_

Hamis Chande

4